UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
UNITED STATES OF AMERICA,      )
                                                          )
    v.                                          )
                                                          )    Criminal No. 05-0151 (PLF)
TIMOTHY D. NAEGELE,           )
                                                          )
        Defendant.           )
_____)

MEMORANDUM OPINION AND ORDER

On September 8, 2006, the Court issued a scheduling order which, inter alia, directed the defendant to provide his expert disclosures under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and a "written summary of testimony and qualifications of any expert witnesses" on or before November 8, 2006. Scheduling Order ¶ 4. It further directed that for each proposed expert witness the defendant must file with the Court "a brief summary of expert witness qualifications and summary of expert testimony, not to exceed five pages," on or before December 15, 2006. Scheduling Order ¶ 5.[1]

On November 8, 2006, the defendant provided expert reports for three proposed experts: Michael Wolff, Mark W. Foster and Bruce G. Dubinsky, as well as the "Laboratory Report" of his fourth expert, Douglas S. Lacey. On December 15, 2006, the defendant provided expert witness summaries (each five pages or less), along with the curriculum vitae, for each of the same four proposed experts. The government filed its objections to the defense expert testimony on December 22, 2006. Among other things, the government argues that the defense

---

[1] This provision applied equally to the government, but the Court is concerned in this Memorandum Opinion and Order with the defendant's asserted failings only.

proffers violated both Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure and the Court's scheduling order.  United States' Objections to Defense Expert Testimony ("Gov't. Objections") at 1-2.  In particular, it argues that the expert proffers defendant provided fall far short of what is required by Rule 16(b)(1)(C), and that the defendant has not provided *any* documents and other information on which the defendant's proposed experts have relied in reaching their opinions and conclusions.  Id. at 1.[2]  The government also argues that the December 15, 2006 summaries provided by defendant in anticipation of the Daubert hearing impermissibly vary in significant respects from the Rule 16(b)(1)(C) summaries produced on November 8, 2006.  Id.

      Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure requires the defendant to provide, at the government's request, "a written summary of any testimony the defendant intends to use" as evidence at trial under Rules 702, 703 or 705 of the Federal Rules of Evidence.  FED. R. CRIM. P. 16(b)(1)(C).  The summary "must describe the witness's opinions, the bases and reasons for these opinions, and the witness's qualifications."  Id.  As for scientific reports or reports of examinations and tests, Rule 16 also provides that the government is permitted "to inspect and to copy or photograph the results or reports . . . of any scientific test or experiment if . . . the defendant . . . intends to call the witness who prepared the report and the report relates to the witness's testimony."  FED. R. CRIM. P. 16(b)(1)(B).  The primary purpose of Rules 16(b)(1)(B) and (C) is to prevent unfair surprise at trial and to permit the government (or in cases where the government is derelict in its duty, the defendant) to prepare rebuttal reports and

---

[2]    It is clear, for example, as the government says, that both Mr. Foster and Mr. Dubinsky must have relied on voluminous records which the defendant has failed to provide or even identify.  See Gov't. Objections at 2.

to prepare for cross-examination at trial.  As the Advisory Committee Note expressly states, Rule 16(b)(1)(C) is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  FED. R. CRIM. P. 16 advisory committee's note.  The requirement that a written summary of an expert's testimony must be provided "is intended to provide more complete pretrial preparation by the requesting party."  Id.  "[M]ost important," a "summary of the bases of the expert's opinion" must be provided.  Id.  A failure to comply with these Rules may result in the exclusion of the proffered evidence.  FED. R. CRIM. P. 16(d); see United States v. Barile, 286 F.3d 749, 758-59 (4th Cir. 2002); United States v. Day, 433 F. Supp. 2d 54, 57 (D.D.C. 2006).

        In this case, the defendant has provided a "Laboratory Report" for his technical or scientific expert, Mr. Lacey, which may or may not be sufficient under Rule 16.  More importantly, the defendant has provided none of the underlying documents that Messrs. Wolff, Foster or Dubinsky relied upon in preparing their November 8, 2006 expert reports.  In other words, the defendant has failed to provide the "bases and reasons" for the opinions of his experts as required by Rule 16(b)(1)(C).  In addition, as the government points out, the summaries of the expert witness testimony that the defendant provided on December 15, 2006 expanded upon and/or differed significantly from the Rule 16(b)(1)(C) written summaries or reports submitted on November 8, 2006.  See Gov't. Objections at 9-10, 18-19.  As the Court has made clear, the purpose of the December 15 submissions was only to provide a road map for the live testimony to be presented at the Daubert hearing in an effort to shorten that hearing.  It was the November 8 submissions that were to be the submissions required by Rules 16(b)(1)(B) and (C), intended to

set the parameters of the expert testimony in sufficient time for the government to prepare to meet it both at the <u>Daubert</u> hearing and at trial.  Accordingly it is hereby ORDERED that:

    1.  The defendant shall show cause in writing on or before 9:00 a.m. on January 8, 2007 why each of his proffered experts should not be limited in their testimony for purposes of the <u>Daubert</u> hearing and at trial to the contents of the Rule 16 summaries submitted on November 8, 2006; and

    2.  Prior to the <u>Daubert</u> hearing on January 8, 2007, counsel for the defendant shall provide to the Court and the government all of the underlying documents on which each of his four proffered experts relied in reaching their opinions and conclusions.

    SO ORDERED.

/s/_____  
PAUL L. FRIEDMAN  
United States District Judge

DATE:   January 5, 2007