UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. No. 05-151 (PLF) |
| TIMOTHY D. NAEGELE, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT TIMOTHY D. NAEGELE'S EMERGENCY MOTION
### FOR INSPECTION OF GRAND JURY MINUTES AND FOR DISMISSAL OF COUNT 7

Timothy D. Naegele, the defendant, respectfully requests that the Court: (1) order production of all grand jury minutes relating to Counts 1-3 and 7 of the original indictment; and (2) dismiss Count 7 of the indictment. This motion is being filed now because the government provided its trial exhibits earlier this week, and it is clear that a complete, fully executed version of the Statement of Financial Affairs ("SOFA") -- including defendant's affirmation under oath -- was never filed in the Bankruptcy Court. Yet Count 7 of the Indictment is predicated on defendant having made a false statement that was affirmed *under penalty of perjury* and presented to the Bankruptcy Court. Because the government's lack of a signature page is in direct tension with the statement in the indictment that Mr. Naegele filed the SOFA under penalty of perjury, defendant is now entitled to the grand jury minutes related to the SOFA (Counts 1-3 and 7). In addition, Count 7 of the indictment should be dismissed.

### BACKGROUND

On April 28, 2005, the grand jury charged defendant with, inter alia, a violation of 18 U.S.C. § 152(3) for submitting a SOFA that listed on Question 3a no payments to creditors aggregating more than $600 within 90 days of his bankruptcy. See Indictment, Count 7. Section 152(3), Title 18,

1

prohibits "knowingly and fraudulently mak[ing] a false declaration, certificate, verification, or statement under penalty of perjury."

On January 16, 2007, the Government and defendant, per the Court's Scheduling Order, exchanged trial exhibits. The government included the SOFA as Government Exhibit 1B. (Copy attached hereto as Exhibit A.) Government Exhibit 1B includes a signature page attached to the SOFA, as if that were a copy of the original SOFA filed with the Bankruptcy Court. But it is not. The signature page that has been included in Government Exhibit 1B was obtained by the Government from the files of defendant's lawyer (Jeffrey Sherman) **on January 10, 2007**, in response to the Government's subpoena (and subsequent Order of this Court). Upon information and belief, the government did not possess the signature page from defendant's SOFA until it was disclosed by Mr. Sherman's counsel on January 10, 2007.[1]

The copy of the SOFA that the Government originally supplied to defendant in this matter is attached hereto as Exhibit B. No signature page was included. Defendant checked the records of the Bankruptcy Court, and he found that the version filed with the Bankruptcy Court omitted the signature page, a fact the overnment could not have missed because the signature page also includes Questions 19 through 21 of the SOFA. Furthermore, defendant subpoenaed the bankruptcy file of the Panel Trustee who administered the case, Wendell Webster, Esq., and that file does not contain the SOFA signature page, either.

The signature page on the SOFA is the only part of the SOFA that requires the debtor to "declare under penalty of perjury that [he has] read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of [his] knowledge,

---

[1] The government at no time disclosed to defendant that the court-filed SOFA was missing the signature page, despite its obligation under *Brady v. Maryland* to disclose that the government did not have evidence to support an essential element of the offense.

information, and belief." Defendant nor his bankruptcy counsel, Jeffrey Sherman, ever amended or supplemented the SOFA to include the missing signature page. The government's exhibit confirms that no sworn version of the SOFA was ever filed as part of defendant's bankruptcy.

## ARGUMENT

A.   **Summary of Argument.**

Count 7 charges that defendant knowingly lied when responding to Question 3a of the SOFA (payments to creditors within 90 days). Specifically, it charges that defendant:

> did knowingly and fraudulently make the following material false statement[] and declaration[] in his Statement of Financial Affairs . . . *under penalty of perjury* . . . : That he had made no payments to creditors aggregating more than $600 in the 90 days prior to the filing of the bankruptcy petition when, in truth and in fact as he then well knew, he had made payments to creditors totaling at least approximately $27,800 during that 90 day period.

Indictment, Count 7.

The filing of the allegedly false statement and the affirmation under penalty of perjury are necessary elements of the crime charged. *See* 18 U.S.C. § 152(3). Here, however, it is undisputed that the signed statement which should accompany the SOFA was never filed with the Bankruptcy Court. Moreover, the government at no time had the signature page prior to January 10, 2007, when it obtained the signature page from Mr. Sherman's file. Thus, the government appears to have procured four counts against defendant without proof of an essential element of the charged offenses.

The lack of a Court-filed signature page for the SOFA raises two significant issues. First, defendant respectfully submits that he is now entitled to review the minutes from the grand jury which pertain to the SOFA. The question here is obvious: how did the government obtain an indictment of defendant without having the only direct evidence available that defendant made the statements on the SOFA "under penalty of perjury," as required by 18 U.S.C. § 152(3)? The defense contacted the government today, January 19, 2007, to discuss the issue, and the government was unwilling to provide

3

any explanation for how it indicted Mr. Naegele for a statement made on the SOFA, when it must have known that it lacked competent proof that the statement was made under penalty of perjury (i.e., the SOFA declaration page signed by Mr. Naegele).[2]

Second, defendant respectfully submits that, without a court-filed signature page, the government will be unable to prove -- as a matter of law -- the elements of the crime charged in Count 7, as we explain further below. Equally clear is that the government cannot cure this fundamental defect by creating a trial exhibit that purports to include defendant's executed signature page, as if that were the version that was submitted to the Bankruptcy Court.

**B.     Production and Inspection of Grand Jury Minutes.**

The Court may authorize disclosure of grand jury minutes "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E). To access grand jury materials, a defendant must show a "particularized need" that outweighs justifications for secrecy. *See Dennis v. United States*, 384 U.S. 855, 868 (1966).

The Fifth Amendment protects Mr. Naegele's right to have a grand jury consider and find <u>all</u> elements of an offense. *See Hooker v. United States*, 841 F.2d 1225, 1230 (4th Cir. 1988); *see also Russell v. United States*, 369 U.S. 749, 760 (1962); *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1998) ("To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense. This requirement stems directly from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment").

---

[2]     Neither Mr. Sherman nor Mr. Naegele–the only two potential fact witnesses who would have seen the SOFA prior to January 10, 2007–testified before the grand jury in this case.

Moreover, when it becomes evident, prior to trial, that an indictment is based on perjured testimony or misleading evidence, dismissal of the indictment may be warranted. *See, e.g., United States v. Hogan*, 712 F.2d 757 (2d Cir. 1983) (dismissing indictment for prosecutor's extensive reliance on hearsay and secondary evidence, use of inflammatory argument, and introduction of misleading evidence to the grand jury).

The fact that neither the prosecution nor the grand jury ever had a sworn-to SOFA signature page prior to January 10, 2007, calls into significant question how the government obtained an indictment containing four counts related to the SOFA (Counts 1 through 3, now dismissed, and Count 4, which is still pending). In April 2005, when the indictment was returned, the government could not have had proof of a required element of the offense – that the statements were submitted "under penalty of perjury." 18 U.S.C. § 152(3). Simply put, it appears that the government indicted defendant on Counts 1-3 and 7 without any proof in hand that defendant had *ever* signed the SOFA.

Given the circumstances set forth above, defendant is entitled to discovery relating to how the grand jury indicted Mr. Naegele for violations of 18 U.S.C. § 152(3) while plainly lacking proof of an element of the offense. Accordingly, defendant respectfully requests that the Court enter an order requiring the government to produce the grand jury transcripts relating to this issue to the defense. In the alternative, the defense requests that the government supply a transcript of the grand jury proceedings to the Court for *in camera* review, flagging for the Court what documents and testimony the grand jury considered with respect to the SOFA-related counts.

C.      **Dismissal of Count 7.**

The crime of making a false statement under 18 U.S.C. § 152(3) is completed only when the debtor actually files, under penalty of perjury, a document containing information that the debtor knows is fraudulent. *See United States v. Young*, 339 F.2d 1003, 1004 (7th Cir. 1964) ("The offenses of making

5

the false oaths [with respect to bankruptcy schedules] were completed when the knowingly false schedules were sworn to *and filed*.") (emphasis added); *In re Chadwick*, 335 B.R. 694, 702 (W.D. Wis. 2005) (same) (citing *Young*); *cf. United States v. Sansone*, 380 U.S. 343, 354 (1965) (crime of tax evasion "was complete as soon as the false and fraudulent understatement of taxes . . . was filed").

Here, the government will be unable as a matter of law to meet its threshold burden of demonstrating that defendant's SOFA contained a "false . . . statement under penalty of perjury" within the meaning of Section 152(3) because no affirmation under oath was ever made to the Bankruptcy Court. Section 152(3) requires that the debtor affirm to the government entity that the statements made in the document are true, and agree to be subjected to the perjury laws if they are not. Only then can the debtor be indicted for stating facts falsely under penalty of perjury within the meaning of the statute. This explains why the bankruptcy rules require all bankruptcy-related statements, including SOFAs, to be signed when presented to the Court. *See* Fed. R. Bankr. P. 1008 ("All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746."); s*ee also In re Daly*, 344 B.R. 304, 310 (Bankr. M.D. Pa. 2005) (finding that "inclusion of . . . signatures [on bankruptcy schedules] is essential to the judicial process").

Any other more relaxed, "anything goes" formulation of Section 152(3) would be contrary to due process and antithetical to core principles governing federal criminal law. It would mean, for example, that a defendant could be indicted for supposedly lying under oath to the government and then the government could -- after the fact -- root around the defendant's attorney's office looking for evidence that he did intend to swear under oath. This "indict first, check later" way of proceeding is untenable and unlawful.

In analogous circumstances, courts have recognized that unsigned declarations cannot form the basis for a perjury conviction based on the allegedly untruthful statements in the declaration. In *United*

*States v. Sorensen*, 179 F.3d 823 (9th Cir. 1999), the Court reversed a conviction under 18 U.S.C. § 1014 for submitting a false statement to the Resolution Trust Corporation ("RTC") with intent to influence action on a loan. Specifically, the court of appeals held that the relevant statute required that the loan applicant sign the loan papers, and because the defendant did not do so, his "actions never matured into a violation of [the statute] because he did not submit an application upon which the RTC could have granted a loan." *Id.* at 827.

      Finally, it would be no answer for the government to rely -- as they apparently were going to until they obtained a copy of the signature page from Mr. Sherman's files -- on the signature page at the end of *the Schedules*. The executed signature page attached to the schedules that Mr. Naegele filed does not, by its terms, apply to the SOFA. And as the "majority of courts" have held, "the petition, the schedules, and the various statements constitute separate documents" for purposes of the bankruptcy laws. *See In re Springs*, __ B.R. __, 2006 WL 3538941, *2 (Bankr. M.D.N.C. Dec. 7, 2006) (quoting *In re Jolly*, 313 B.R. 295, 300 (Bankr. S.D. Iowa 2004)).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court enter an Order: (1) requiring the government to produce the grand jury transcripts related to Counts 1-3 and 7 of the original indictment to the defense; and (2) dismissing Count 7 of the Indictment.

Respectfully Submitted,

_____/s/_____
Jonathan S. Jeffress, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500
(202) 208-7515 (fax)


_____/s/_____
John A. Rogovin, Esq.
Michael Snyder, Esq.
Robert A. Mays, Esq.
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
(202) 663-6270
(202) 663-6363 (fax)

Counsel for Timothy D. Naegele

8