UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 05-151 (PLF) |
| : | |
| TIMOTHY D. NAEGELE : | |
| : | |
| Defendant. : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE MOTION
FOR INSPECTION OF GRAND JURY MINUTES AND TO DISMISS COUNT 7**

The United States opposes the defendant's Motion to Dismiss Count 7 and to inspect grand jury minutes. Government counsel reviewed the evidence presented before the grand jury, including the Statement of Financial Affairs (SOFA) and Schedules, the witness testimony about those documents, and the legal instructions to the grand jury. The United States concedes that the executed signature page for the SOFA was not placed before the grand jury; however, because the grand jury was properly instructed on the law, and Count 7 of the Indictment is facially valid, the Motion to Dismiss should be denied.

**A.     Background**

A United States Trustee Program attorney testified before the grand jury and provided an overview of the Chapter 7 bankruptcy process. The witness explained: "A person who files for Chapter 7 is required to disclose all of their assets and all of their liabilities on schedules and list – answer certain questions on the statement of financial affairs, and those documents are executed under penalty of perjury." See Transcript No. 1 at 3, submitted *in camera*.[1]

The government presented the Naegele Statement of Financial Affairs (SOFA) and Schedules to the grand jury, together as one composite exhibit, with two signature pages attached as the last two pages to the single document. See copy of grand jury exhibit 10, attached as

---

[1] All *in camera* exhibits will be submitted to the court at the status conference on January 25, 2007.

Exhibit 1. In hindsight, presenting both documents as a single, composite exhibit was a mistake. On the date the Indictment was presented to the grand jury, an investigating agent was questioned about the signature pages on the composite exhibit in the following manner:

> Q: And if you look to the very back of the package, are there a couple of signature pages with Mr. Naegele's signature on them?
>
> A: There are.
>
> Q: And is there a declaration that Mr. Naegele is signing these documents under penalty of perjury?
>
> A: Yes, it is.

See Transcript No. 2 at 7, submitted *in camera*. The grand jury minutes, containing the government's legal instructions to the grand jury on the charged crime, properly recites 18 U.S.C. §152(3). See Grand Jury Minutes, submitted *in camera*.

B.   **The Government Committed No Brady Violation.**

The government first produced its copy of the SOFA and Schedules to defense counsel on May 13, 2005 with the notation: "as I mentioned to you in court on May 10th, the original bankruptcy file is available in the bankruptcy court clerk's office." The document produced to the defense was a copy of grand jury exhibit 10. Although the SOFA signature page was not part of that exhibit, the evidence recently obtained from Jeffrey Sherman demonstrates that the defense possessed the signature page since at least as early July 2006 when the privilege log was first created. Moreover, the signature page reflects that defendant Naegele had, in fact, signed and dated the SOFA signature page under penalty of perjury before the SOFA was filed with the Bankruptcy Court.

C.   **A Facially Valid Indictment May Not Be Challenged on Proof Grounds.**

It is well-established law that courts will not allow a defendant to challenge the sufficiency-of-the-evidence presented to a grand jury of an otherwise facially valid indictment. See Costello v. United States, 350 U.S. 359, 409 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge

on the merits.); United States v. Trie, 23 F.Supp.2d 55, 62 (D.D.C. 1998) ("The sufficiency of the evidence presented to the grand jury may not be challenged if the indictment is facially valid . . . ."). This court has clearly stated that "[a]n indictment need only contain a plain, concise and definite statement of the essential facts constituting the offense charged. [] It is sufficiently specific where it (1) contains the elements of the offense charged and fairly informs the defendant of those charges so that he may defend against them, and (2) enables him to plead acquittal or conviction in bar of future prosecutions for the same offense . . . that is, to protect against future jeopardy for the same offense." United States v. Safavian, 429 F.Supp.2d 156, 158 (D.D.C. 2006). The government is entitled to present its evidence at trial "and have its sufficiency tested by a motion for acquittal under Rule 29." Id.

A defendant seeking to dismiss an indictment based upon grand jury error "faces a very heavy burden." United States v. Trie, 23 F.Supp.2d at 61. A "presumption of regularity [exists] in grand jury proceedings." United States v. Recognition Equipment, Inc., 711 F. Supp. 1, 11 (D.D.C. 1989). As this court has stated, "[e]ven if a defendant can establish error at the grand jury stage, 'dismissal of the indictment is appropriate only 'if it established that the violation substantially influenced the grand jury's decision to indict,' or if there is "grave doubt" that the decision to indict was free from the substantial influence of such violations.'" United States v. Trie, 23 F.Supp.2d at 61 (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988). As the court will see from its *in camera* review, the legal instructions did not mislead the grand jury regarding the legal element that the SOFA be executed under penalty of perjury, and the grand jury was provided with evidence that Chapter 7 debtors are required to execute that document under penalty of perjury.

**D.  Count 7 Is Valid on its Face.**

The United States disagrees that Count 7 of the Indictment is defective. Count 7 charges, in pertinent part, that defendant Naegele "did knowingly and fraudulently make the following material false statements and declarations in his Statement of Financial Affairs and Bankruptcy

3

Schedules under penalty of perjury as permitted under section 1746 of title 28, in and in relation to a case under title 11, filed in the United States Bankruptcy Court in the District of Columbia, that is, In re: Timothy D. Naegele, Case No. 00-0601 . . . All in violation of Title 18, United States Code, Section 152(3)."

Section 152(3) provides: "A person who-- (3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11; shall be fined under this title, imprisoned not more than 5 years, or both." Section 152(3) requires that the statement was made under the penalty of perjury, specifically 28 U.S.C. § 1746, which states in relevant part:

> Wherever, under any law of the United States . . . any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . (2) . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

Therefore, a Section 152(3) violation requires that the defendant declare, under the penalty of perjury, that his bankruptcy forms are correct by dating and signing them, but nowhere does the plain language of section 152(3) require that the *filing* of the declaration is an element of the crime. On this the government and defense apparently agree – neither the government nor defense bankruptcy offense instructions assert the *filing* of the declaration as an element of the offense. See Government Proposed Jury Instruction at 36; Defendant's Proposed Jury Instruction at 24. Of course, realistically, the bankruptcy document containing the false statement itself must be filed. The cases cited by the defense in their motion unremarkably assume that point but go no further. [2]

---

[2] In the case of In re Daly, the court rejected the trustee's position that the debtor's failure to file a signed declaration was fatal to the debtor's amended filing. Daly, 344 B.R. 304, 309-310 (Bkrtcy. M.D. Pa. 2005).

**E.     The Defendant Is Not Entitled to the Grand Jury Minutes.**

The defendant also claims that he is entitled to review the grand jury minutes related to Count 7. Clearly such a demand is in conflict with established case law. A defendant must show a "particularized need" for requesting disclosure of grand jury transcripts. <u>United States v. Trie</u>, 23 F.Supp.2d at 62. This court has held that where an "indictment is facially valid . . . [the defendant] has not established any particularized need for the grand jury instructions." <u>Id</u>.

**F.     Conclusion**

The United States respectfully requests that the court deny the motion for grand jury minutes, and deny the motion to dismiss Count 7.

Respectfully Submitted,

STEVEN A. TYRRELL

Acting Chief, Fraud Section, Criminal Division
U.S. Department of Justice

/s/
_____
JOSEPH A. CAPONE

Trial Attorney, Fraud Section
D.C. Bar No. 431210
1400 New York Avenue, N.W.
Bond Building, Room 3422
Washington, D.C. 20530
(202) 353-3462