UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 05-0151 (PLF) |
| TIMOTHY D. NAEGELE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

      This matter came before the Court for argument on the United States' motion to quash the second round of defense trial subpoenas issued to the Executive Office for United States Trustees ("EOUST"), and to Region 19 of the United States Trustee Program ("Region 19") [145], and the defendant's reply.  The motion relates to two new document subpoenas issued by the defense on December 7, 2006 under Rule 17(c) of the Federal Rules of Criminal Procedure.

      With respect to the Rule 17(c) subpoena issued to the EOUST, the Court concludes that the material requested is virtually identical to that required to be produced by this Court's Memorandum Opinion and Order of January 5, 2007, with respect to the government's obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  <u>See</u> Memorandum Opinion and Order of January 5, 2007.  Despite defense counsel's best advocacy efforts  -- and without even reaching the government's arguments relating to overbreadth, lack of specificity, irrelevance and inadmissibility -- the Court can see no reason to require the EOUST to have to comply with the subpoena in light of the government's compliance with the Court's <u>Brady</u> order.  The

government acknowledges that under this Court's view of Brady, the EOUST files must be searched, and it has certified that such searches have been conducted.  See United States' Notice of Compliance with Court's Order Regarding Defense Motion to Compel Brady Material at 3. There is no reason to believe that the relevant materials have not been or will not be provided to the defense.

With respect to the subpoena to Region 19, and accepting the defendant's representation that the subpoena is limited to commentary on, and data underlying, a set of documents that was not created until around April of 2005, the Court concludes that the time frames are not overbroad and that the request is specific enough to pass muster under Rule 17(c). The question then comes down to one of the admissibility of anything that might be produced pursuant to the subpoena.  The Court agrees with the government that anything produced likely would be hearsay and, without a witness to lay a foundation for their admission, they would not be admissible.  As for impeachment, in a last ditch effort to find some basis for admissiblity, the defense argues that they could use the materials covered by their subpoenas to impeach someone, but they fail to identify who they propose to impeach and on what ground.  A more fundamental problem with this argument, however, is that the defense cannot use a Rule 17 subpoena to obtain exculpatory material from the government, but rather, only from third parties.  See United States v. Libby, 432 F.Supp.2d 26, 30 (D.D.C. 2006) (citing United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (only exculpatory material in possession of third parties retrievable under Rule 17 subpoena)).

Accordingly, the government's motion to quash [145] is GRANTED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 25, 2007