UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | )  Criminal No. 05-0151 (PLF) |
| TIMOTHY D. NAEGELE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

This matter came before the Court for argument on defendant's motion in limine to exclude evidence related to defendant's 1990 bankruptcy and to prohibit the prosecution from characterizing the alleged car as an asset of the bankruptcy estate [147], and the government's opposition thereto.

With respect to the 1990 bankruptcy, the government wishes to introduce evidence with respect to two bankruptcy filings by the defendant in February of 1990 -- his personal Chapter 11 filing and the Chapter 11 bankruptcy he filed for a company he owned, the Kirsten Ann Corporation, both of which the defendant discussed during the May 2000 Creditors Meeting at issue in this case. The government argues that both are relevant as "underpinning" the defendant's 2000 bankruptcy and to place the Creditors Meeting and the issues in this case in context. See United States Consolidated Response in Opposition to Defendant's Motions in Limine at 11-12. ("There is no practical way to separate the two bankruptcies given Naegele's sworn testimony at his creditors' meeting, and his answers on the Bankruptcy Schedules reflecting the current and historical debt he sought to discharge in 2000."). In addition, the

government argues that evidence with respect to these two bankruptcies also may be relevant on rebuttal or in cross-examination of adverse witnesses if, as appears likely, one of the defenses in this case is mistake, confusion, misunderstanding, or lack of sophistication about bankruptcy. The Court agrees with the government on this second point.  Furthermore, for the same reasons it has ruled that the audio tape of the entire Creditors Meeting should be admitted to provide context (reserving the possibility of requiring certain redactions to exclude prejudicial material), the Court will admit evidence with respect to the two 1990 bankruptcy filings.

With respect to the evidence the government seeks to introduce with respect to the automobile, the Court agrees with the government that such evidence is relevant to Count 10 of the Indictment, substantially for the reasons stated in the government's response to this motion in limine.  See United States Consolidated Response in Opposition to Defendant's Motions in Limine at 12-13.

Accordingly, the defendant's motion in limine [147] is hereby DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   January 25, 2007