UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 05-0151 (PLF) |
| TIMOTHY D. NAEGELE, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of the United States for an order to show cause as to why certain opinions and testimony of defense expert witness Mark W. Foster should not be stricken. Upon careful consideration of the government's motion, the defendant's opposition, the government's reply and all of the relevant proceedings in this case, the Court will deny the motion.

The government argues that Mr. Foster's testimony should be stricken because defense counsel needlessly litigated an attorney-client privilege issue regarding e-mails between defendant Naegele and his bankruptcy lawyer, Jeffrey Sherman, when counsel knew that the privilege already had been waived by their having provided the privileged material to their expert, Mr. Foster, months earlier. The government asserts that defense counsel's actions in asserting this already-waived privilege violated Rule 16 of the Federal Rules of Criminal Procedure and the Court's expert discovery order, and that they wasted the time of the government and the Court and prejudiced the United States in preparing for the testimony of Mr. Foster at the Daubert hearing.

It appears that Mr. Foster had been provided with the "privileged" material some time between July and October of 2006, but the government was not made aware of this fact until January 16, 2007 when the defense revealed that Mr. Foster's testimony would be informed by his review of the e-mails between Mr. Naegele and Mr. Sherman.  In the meantime, the government and Mr. Sherman were put to the time and expense of litigating the issue of privilege before this Court, and the Court was required to do a line-by-line review of the e-mails and expend substantial time in deciding which documents from Mr. Sherman's files (or portions thereof) were privileged and which were not.  The government requests that the Court exclude all of Mr. Foster's opinions and testimony that were based on the Sherman materials because they were unjustifiably withheld pursuant to improper assertions of privilege, when in fact the privilege had been waived when Mr. Foster was given access to the Sherman-Naegele documents and relied upon them in formulating his expert opinions.

Defense counsel responds that there was no waiver of the attorney-client privilege when the defense sent Mr. Foster documents from Mr. Sherman's files which included documents that were protected by the attorney-client privilege.  Counsel maintains that it is not a waiver of the privilege when a lawyer sends documents to a third party in seeking his or her assistance to counsel.  See Strougo v. BEA Associates, 199 F.R.D. 515, 522 (S.D.N.Y. 2001).  Furthermore, defense counsel argues that there was no bad faith on their part despite the Court's ruling of January 5, 2007, ordering the disclosure of all materials relied upon by experts on the ground that the review of documents in formulating an expert opinion requires their disclosure.  See January 5, 2007 Memorandum Opinion and Order.  Such disclosure is required, in this Court's view, regardless of whether or not those documents are assertedly privileged.  Defense

counsel maintains that this Court's Opinion of January 5, 2007 is in conflict with opinions of other judges of this Court and the weight of authority. See, e.g., United States v. Edelin, 134 F. Supp. 2d 45, 52 (D.D.C. 2001). Defense counsel therefore maintains that they could not have known when the documents were provided to Mr. Foster that the privilege arguably was waived and that early production was required; they therefore did not act in bad faith. For these reasons, defense counsel argues that no sanction is appropriate and that precluding portions of Mr. Foster's testimony would be too extreme a sanction in any event.

Defense counsel also argues that the government has had all of the documents at issue in redacted form since January 10, 2007, and in unredacted form since January 16, 2007, two days prior to Mr. Foster's testimony. They therefore suggest that the government could not possibly have been prejudiced by the allegedly late disclosure of the documents for purposes of preparation for the Daubert hearing and certainly not in terms of trial preparation.

District courts have broad discretion to sanction a party who violates discovery orders in criminal cases, but Rule 16 of the Federal Rules of Criminal Procedure does not *require* the Court to take any action even in the face of a clear violation. See, e.g., United States v. Hammoud, 381 F.3d 316, 336 (4th Cir. 2004); United States v. Golyansky, 291 F.3d 1245, 1249 (10th Cir. 2002). The Court must weigh the reasons for any delay in production, whether the offending party "acted intentionally or in bad faith; [and] the degree of prejudice, if any . . ." United States v. Hammond, 381 F.3d at 335. In the absence of a finding of bad faith, it is generally accepted that a court should impose "the least severe sanction that will accomplish broad and full compliance with the discovery order." United States v. Golyansky, 291 F.3d at 1249. The preferred sanction in most cases therefore is a continuance of the trial or proceeding

rather than the exclusion of evidence.  See id.; United States v. Hammond, 381 F.3d at 336.  In this case, the Court does not find that the defense acted in bad faith or that it intentionally misled the government or the Court.

Nor can the Court find that the government has been prejudiced by defense counsel's conduct.  Certainly an earlier disclosure of the "privileged" material would have enabled government counsel to better prepare to examine Mr. Foster at the Daubert hearing and would have permitted it to use its resources in more productive ways than in unnecessarily litigating the attorney-client privilege issue.  Nevertheless, Mr. Foster was adequately cross-examined at the Daubert hearing, the admission or exclusion of his testimony has been fully and competently litigated on the merits by government counsel, and there has been sufficient time between the conclusion of his testimony on January 18, 2007 and the beginning of trial, now scheduled for January 31, 2007 (after the recent grant of a short continuance) so as to assure that the government has not been prejudiced.  See United States v. Golyansky, 291 F.3d at 1250 ("To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case.").[1]

---

[1] In any event, since Mr. Foster is a defense witness, it is unlikely that he will testify any earlier than February 6 or 7, 2007.

For these reasons, it is hereby ORDERED that the United States' motion for an order to show cause is DENIED; the opinions and testimony of defense expert Mark W. Foster will not be stricken.

SO ORDERED.

\_\_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 29, 2007