# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-151 (PLF) |
| ) | |
| TIMOTHY D. NAEGELE, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SUPPLEMENT TO HIS
### MOTION TO DISMISS COUNT 7 FOR FAILURE OF PROOF

On January 19, 2007, Defendant filed an Emergency Motion for Inspection of Grand Jury Minutes and for Dismissal of Count 7.  (Dk. No. 168.)  Defendant asked, among other things, that Count 7 be dismissed because the government lacks any evidence that a complete, executed SOFA was ever filed with the bankruptcy court, and thus that any "statement under penalty of perjury" was ever made to the Bankruptcy Court, as required for conviction under 18 U.S.C. § 152(3).  Stated otherwise, the government cannot prove that the act prohibited in § 152(3) was ever completed.  Defendant supplemented his motion with additional authority on January 26, 2007. (Dk. No. 202).

Defendant primarily will rest on the arguments made in his earlier filings. This supplement is submitted only to clarify two factual points of interest to the Court.

First, it is now absolutely certain that the government cannot prove beyond a reasonable doubt that a complete and executed SOFA was filed with the Bankruptcy Court.   The government conceded at the hearing held on January 25 that its only chance of proving such a filing at trial would be testimony from Jeffrey Sherman.  (Jan. 25 Tr. at 23:21-23 ("[O]ther than Mr. Sherman's testimony, we do not have other evidence to present with respect to the filing of

that signature page.") Mr. Sherman testified at the evidentiary hearing held on February 6, 2007, and it is now clear that he cannot testify that a signed attestation was filed with defendant's SOFA. (*See, e.g.*, Feb. 6 Tr. at 57:17-21, 64:16-25) (testifying that it appeared to him that no signature page was filed for the SOFA).) In addition, Mr. Sherman identified a "stamp-and-return" copy of the SOFA and Schedules that were filed, and that copy includes no attestation for the SOFA. (*Id.* at 54:22-57:21.) In short, the government cannot prove that any "statement under penalty of perjury" was made to the Bankruptcy Court in the SOFA that was filed, as required to support Count 7.

Second, Mr. Sherman's testimony, together with the fax stamps that appear on the various copies of the SOFA and Schedules, now make it possible to understand with reasonable confidence the time-line of events leading up to the filing of defendant's SOFA and Schedules. On May 3, 2000, at 12:10 a.m. EST, Mr. Sherman, who was in Washington, D.C., faxed completed versions of the SOFA and the Schedules to defendant, in California. (Feb. 6 Tr. at 22:21-23.) The fax consisted of at least 26 pages—a coversheet; twenty pages for the Schedules (19 pages and the declaration); and five pages for the SOFA. (*See* SHER01864 (Exhibit A)[1] (showing that the attestation for the SOFA was page 26 in a fax sent from Mr. Sherman's firm, O'Rourke and Cundra, at 12:10 on 05/03/2000); SHER01859 (Exhibit B) (showing that the declaration for the Schedules was page 21 in the same set).)[2] Because of the time difference, it would have been 9:10 p.m. on May 2 in California.

---

[1] Exhibit A and Exhibit B are taken from Document # 43 on the Sherman privilege log.

[2] The only reasonable inference from the fax stamps on the attestations for the SOFA and Schedules is that Mr. Sherman's fax machine recorded time according to a 12-hour clock, such that "12:10" could mean either 12:10 p.m. or 12:10 a.m.

About an hour later, defendant returned the executed signature pages via fax. It was 10:21 p.m. PCT on May 2 in California. On the East Coast, it was 1:21 a.m. on May 3. The fax was three pages—a coversheet; the fifth page of the SOFA, which includes that attestation; and the declaration for the Schedules. (See SHER01786 (Exhibit C) (coversheet for return fax); Ex. A.; Ex. B).) Defendant then apparently returned the originals to Mr. Sherman via FedEx. (Ex. C; Feb. 6 Tr. at 82:6-9.)

Mr. Sherman waited to receive the original signatures before filing. Somehow, both the original of the declaration for the Schedules and a faxed-in copy were filed with the Bankruptcy Court. These are the documents that appear today in the Bankruptcy Court's file, and that were reproduced in Grand Jury Exhibit 10 and later in Government Trial Exhibit 1C ("GX 1C"). If an executed attestation for the SOFA was included in any of the several copies of the SOFA that were delivered to the Bankruptcy Court (*see* Feb. 6 Tr. at 33:15-18), it apparently was not included in the copy that was retained by the Court for its own files.

        Respectfully submitted,

        A.J. Kramer
        Federal Public Defender

        _____/s/_____
        Jonathan S. Jeffress, Esq.
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Ste 550
        Washington, D.C. 20004
        (202) 208-7500
        (202) 208-7515 (fax)

        _____/s/_____
        John A. Rogovin, Esq.
        Michael Snyder, Esq.
        Robert Mays, Esq.
        Rachel Z. Stutz, Esq.

        Wilmer, Cutler, Pickering, Hale & Dorr LLP
        1875 Pennsylvania Ave., N.W.
        Washington, DC 20006
        (202) 663-6270
        (202) 663-6363 fax


        Counsel for Timothy D. Naegele